[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff met defendant's decedent in 1984. She arranged to lease one of decedent's properties, a retail building containing about 1200 square feet, with the intention of operating a candy/variety store. These premises were known as 93 Bissell Street, Manchester. Plaintiff commenced paying rent, pursuant to an oral lease, in September, 1984. She paid that monthly sum until September, 1986 when the rent was increased to $200.00 per month. In January, 1987 the monthly rental was raised to $300.00. Plaintiff paid that sum monthly until June, 1989. During the nearly five (5) years during which the plaintiff leased the premises, she made improvements to the plumbing and electrical systems. She also had carpentry work performed CT Page 4344 and a linoleum tile floor installed. Most of the improvements were required by the town health and fire codes. The plaintiff spent approximately $6,800.00 for these improvements. She never opened her business because of personal family problems which arose. She never obtained a written lease.
Defendant's decedent died in December, 1988. Her executor put up the property for sale in June, 1989. In August, 1989, the plaintiff was served with a notice to quit possession of the premises.[1] The plaintiff did vacate in accordance with the notice. She now seeks reimbursement for the improvements she made.
Section 52-550(a)(4) and (5) control the disposition of the matter which was tried to the court.[2] Without a written lease or memorandum setting forth the allegation of the plaintiff that the parties agreed that the improvements to the property of the defendant would inure to her, this Court is powerless to accord her any relief.
Judgment may enter for the defendant on the complaint. Judgment may enter for the plaintiff on the counterclaim. Neither party is awarded costs.
Hon. Howard Scheinblum Superior Court Judge